MUELLER v. TENTH & TWENTY–THIRD ST. FERRY CO.

(Supreme Court, Appellate Division, First Department. January 5, 1900.)

1. FERRIES—NEGLIGENCE—DISMISSAL.

In an action against a ferry company for injuries, plaintiff testified that, as she stepped from the bridge to the boat, she saw the boat was a little higher than the bridge, but nothing else; that, as her foot left the boat, the boat went to and fro, and her foot got between the boat and the bridge. *Held* sufficient to base the inference of defendant's negligence in failing to properly secure the boat, and plaintiff's freedom from contributory negligence, and dismissal of her complaint was error.

2. SAME—WITNESSES—JURY.

In an action against a ferry company for injuries, plaintiff testified that the boat moved as she stepped on it. She produced an employé of the company to testify to technical matters, but on cross-examination, against her objection, he testified the boat was securely fastened. *Held* that, he being an adverse witness, and such testimony not relating to his direct examination, she was not concluded by it, but was entitled to have the jury determine which statement was true.

Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by Anna Mueller against the Tenth & Twenty-Third Street Ferry Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry L. Scheuerman, for appellant.

William A. Jenner, for respondent.

PATTERSON, J. The complaint herein was dismissed at the close of the plaintiff's proofs. The action was brought to recover damages for injuries sustained by the plaintiff through the alleged negligence of the defendant's servants. The accident occurred while the plaintiff was going from a bridge to a boat belonging to the defendant. She showed by her own testimony that she entered the ferry house of the defendant at Greenpoint, L. I., and, having paid her fare, passed through to take the boat to New York. Walking along the bridge, she observed, on reaching the boat, that it was a little higher than the bridge, but nothing else. While in the act of stepping from the bridge to the boat, one of her feet was caught, and pulled down. "The boat went to and fro. As the boat took this action, my left foot came from the boat. My foot had gone between the boat and the bridge." She sustained some injury to her foot. The testimony of the plaintiff, therefore, in effect indicates that the boat was not properly secured to the bridge, and that there was a space in which it played to and fro as well as rose and fell with the action of the tide. From her statement the inference is to be drawn that, as she looked at the boat, she observed nothing but the difference in height between it and the bridge, which observing, she could regulate her step to meet. It is a rule constantly referred to that in determining the propriety of the dismissal of a complaint we must accept and act upon the inference most favor-

able to the plaintiff, and here the testimony is sufficient to allow the inference that there was negligence on the part of the defendant's servants in failing properly to secure the boat to the bridge, and the plaintiff's freedom from contributory negligence may also be inferred from her own testimony. It is claimed, however, that she called a witness,—Daly,—who testified that the boat, at the time this accident is said to have occurred, was securely fastened to the bridge, and that it did not and could not move. This raised an issue between the plaintiff and Daly, who testified to those matters on his cross-examination. He was called by the plaintiff for the purpose of giving a description of the mechanism used by the defendant, and as to certain technical matters which it was appropriate for the plaintiff to give in evidence. But what was testified to by this witness in his cross-examination is not to be regarded as conclusive upon the plaintiff. Daly was an adverse witness, for he was in the employ of the defendant. The questions asked on his cross-examination did not relate to his direct examination. He was made the defendant's own witness to prove the defendant's own case, under the objection of the plaintiff's counsel. Doubtless the court could permit, for purposes of convenience, that course to be pursued; but the plaintiff could not be bound by that testimony, nor be precluded from showing or contending that the witness was mistaken. To use the language of Finch, J., in People v. Court of Oyer & Terminer of New York Co., 83 N. Y. 459, as to the new matter the witness became the defendant's witness, and, in substance and effect, the cross-examination ceased. And so in Green v. Railroad Co., 42 App. Div. 163, 58 N. Y. Supp. 1039, the gripman operating the defendant's car was called by the plaintiff for a particular purpose, but was examined by the defendant as to other matters, and it was held that as to all such other matters he was the witness for the defense, and the plaintiff was not precluded by his testimony. The discrepancy in the statements of the plaintiff and the witness Daly should have been submitted to the jury to determine which they would believe.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except INGRAHAM, J., who dissents.

INGRAHAM, J. I am unable to concur in the reversal of this judgment. The plaintiff, a passenger upon the defendant's ferry, was about to step upon the boat, when in some way her foot was crushed. She testified that when she came to the boat she saw that the boat was a little higher. "Then I had to step up, and when I put my left foot up the other foot was on the bridge. Then I felt that the boat went in and out, and the same moment caught my foot." Subsequently she was asked this question: "Did anything occur with reference to the boat?" to which she answered: "Yes, the boat went to and fro. As the boat took this action, my left foot came from the boat. My foot had gone in between the boat and the bridge. My foot got smashed,—squeezed the big toe. I can't tell how far the boat moved from the bridge. I can't tell

what space was left between the bridge and the boat at any time between the moment I put my left foot on the deck and when I withdrew my foot from between the boat and the bridge. My foot was wedged in tight. When my foot was caught, I fell down on the boat. When I fell, my foot was still tight. My foot was not released until I fell over the boat. I felt it how my foot got free, but couldn't say. The boat went a little further up, and my foot got loose." On cross-examination she testified that at about this time she saw a wagon go on the boat. The plaintiff knew, when she was about to step upon the boat, that it was higher than the bridge. She must have known, or at least was charged with knowledge of the fact, that the boat was subject to be moved by the action of the water. She says that she cannot tell how far the boat moved from the dock, and it is quite apparent that her knowledge of the cause of the accident was that the boat moved after she put her foot upon it, and in some way, not explained, her foot was caught between the boat and the dock, and she was injured. There was no evidence to show that the appliances were not in good order, and properly managed, or that anything that the defendant or its agents could do to prevent the accident was not done. There was nothing that was defective, nothing out of order, and the only fact that the jury would have been justified in finding was that in some way, by the movement of the boat, the plaintiff's foot was caught between the boat and the dock, and that she was at that time injured. It seems to me that there was nothing to justify a finding of the defendant's negligence, and for that reason the complaint was properly dismissed.